UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 9:19-cv-80073-JIC

ROBYN ANN FRONTERA,

    Plaintiff,

v.

MICHAELS STORES, INC. a Foreign Profit Corporation; PARK PAVILION SPE ASSOCIATES LP, a Foreign Limited Partnership; ANTHONY HUGHES, an Individual; and JANE DOE, an individual,

    Defendants.

**DEFENDANT'S RESPONSE IN OPPOSITION TO [D.E.15] PLAINTIFF'S MOTION TO AMEND COMPLAINT TO SUBSTITUTE PARTY DEFENDANT AND INCORPORATED MEMROANDUM OF LAW**

COMES NOW, Defendant, MICHAELS STORES, INC. ("MICHAELS" and/or "Defendant"), by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules, hereby files Defendant's Response in Opposition to [D.E. 15} Plaintiff's Motion to Amend Complaint to Substitute Party Defendant and Incorporated Memorandum of Law, and as grounds in support thereof states:

1.    Plaintiff failed to confer with undersigned counsel for MICHAELS before filing Plaintiff's Motion to Amend as per the requirements and mandate of Local Rule 7.1(a)(3), *Pre-Filing Conference Required of Counsel*. Local Rule 7.1(a)(3) provides that "prior to filing any motion in a civil case…counsel for the movant shall confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion."

2. Local Rule 7.1(a)(3) provides the consequences for failure to comply is "to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." Local Rule 7.1(a)(3).

3. Here, Plaintiff Motion to Amend does not even allege she attempted to comply with Local Rule 7.1(a)(3). Consistent therewith, Plaintiff never conferred nor attempted to confer with Defendant as required by Local Rule 71.(a)(3), and has not done so to date. Failure to comply with Local Rule 7.1(a)(3) is cause alone for the Court to deny the motion. M.D. Fla. R. 7.1(a)(3); see *Zhanjian v. Southeast Fish & Seafood Co.*, 2008 U.S. Dist. LEXIS 13878 (S.D. Fla. 2008)(compliance with Local Rules is "not optional"); *Duval v. Law Office of Andreu, Palma & Andreu, PL*, 2010 U.S. Dist. LEXIS 61109 (S.D. Fla. 2010)(noting that violation of Local Rule 7.1(a)(3) is sufficient grounds to deny motion). Consequently, Plaintiff's Motion to Amend should be denied.

4. Furthermore, Plaintiff's Motion to Amend is improper as it seeks to fraudulently join a party to defeat diversity jurisdiction after the removal of a matter to this Court.

5. Plaintiff's Motion to Amend acknowledges that Plaintiff did not know the name of the individual Plaintiff now seeks to name (previously identified as Jane Doe) at the time of filing Plaintiff's Complaint. Interestingly, however, Plaintiff's Motion claims that Plaintiff has "since learned that [Cheryl Maky] was the assistant manager on duty at the subject" store, despite the fact that no discovery had taken place between the time of Plaintiff filing her Complaint and the filing of Plaintiff's Motion to Amend. See [D.E. 15]. Defendant has learned that Plaintiff visited Defendant's store without permission or authorization and asked employees of Defendant who the

assistant manager was at the subject premises as of the time period stated in the Complaint. Thereafter, Plaintiff filed the instant Motion to Amend.

6. Significantly, Plaintiff's Motion to Amend fails to provide any basis for the requested amendment, including how Cheryl Maky ("Ms. Maky") is at all a proper party to this action, how Ms. Maky, or any assistant manager at the subject store, is personally liable for the claims made by Plaintiff, or why the amendment is appropriate. Clearly, Plaintiff seeks to name Ms. Maky, a purported Florida resident, solely to destroy diversity jurisdiction.

7. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). To guide the exercise of discretion, courts generally consider the following factors: the plaintiff's motivation for joinder of the non-diverse party, whether plaintiff will be significantly injured if the amendment is not allowed, the original defendant's choice to remove the case, and the inefficiencies of multiple litigation. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1181-82 (5th Cir. 1987).

8. Here, Plaintiff waited until after the matter was removed to attempt to join Ms. Maky, despite no discovery taking place prior to the filing of Plaintiff's Motion to Amend, which suggests Plaintiff's attempt to join Ms. Maky is designed to defeat diversity. *See Small v. Ford Motor Co.,* 923 F. Supp 2d 1354, 1357 (S.D. Fla. 2013) (observing that the joining of a "non-diverse defendant immediately after removal but before discovery . . . suggests that the amendment is done with [the] 'specific purpose of destroying diversity jurisdiction.'" (*citing Ibis Villas at*

*Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co.,* 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011).[1]

9. Further, Plaintiff will not be significantly prejudiced if this amendment is not allowed. As noted in Defendant's Notice of Removal [D.E. 1], Plaintiff's counsel previously advised Defendant that "[o]nce [Plaintiff's] discovery is responded to, [Plaintiff] will be amending the complaint to change the defendants names." See [D.E. 1-6]. This indicates that joining Ms. Maky is not necessary to Plaintiff's claim. Moreover, the claims alleged against Jane Doe in Plaintiff's Complaint, which are the claims Plaintiff now seeks toassert against Ms. Maky, are based on Ms. Maky's administrative functions as an employee of MICHAELS and are otherwise vicarious. The foregoing supports that Ms. Maky is a "nominal" party whose absence would not alter the Court's ability to enter final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to Plaintiff. *See Thermostat Corp. v. Bldg. Materials Corp of Am.,* No. 15-13942, 2017 WL 816224 (11th Cir. Mar. 2, 2017).

10. Additionally, this is now the second time MICHAELS has promptly attempted to remove the claims made by Plaintiff to federal court. As noted in Defendant's Notice of Removal [D.E. 1], Defendant previously removed a separate action filed in state court by Plaintiff arising from the same claims, which was thereafter voluntarily dismissed by Plaintiff to avoid federal court. Then, after Plaintiff filed the instant matter in state court, Defendant promptly removed the matter, only to be met with the instant Motion to Amend.

---

[1] Notably, Plaintiff filed an original action against Michaels which Michaels removed to federal court based on diversity jurisdiction. The original action did not name a Jane Doe. Plaintiff voluntarily dismissed the original action immediately after removal. Plaintiff thereafter filed the instant action, naming Jane Doe in a clear attempt to defeat diversity jurisdiction.

11. Finally, Plaintiff cannot state a claim against Ms. Maky for personal (as opposed to technical or vicarious) fault. As an employee of MICHAELS, Ms. Maky cannot be held personally liable simply because of her general employee duties or administrative responsibility for performance of some function of her employment. Plaintiff's Complaint does not allege personal fault by Ms. Maky (or Jane Doe). Rather, it alleges Ms. Maky is being sued relative to her general employment duties, such as supervising and training employees of MICAHELS, which are the same allegations made against MICHAELS, not because of any pesonal or "active" fault. In fact, Plaintiff's Complaint goes on to claim that Ms. Maky "breached her duty" because she failed to "properly train . . . prospective employees and/or agents" of MICHAELS. Certainly, Ms. Maky cannot be found personally liable for Plaintiff's purported slip and fall, which is claimed to have resulted from a roof or air conditioning leak, because of her purported failure to train individuals who are prospective employees of MICHAELS.

12. Moreover, Plaintiff's Complaint acknowledges that the individual identified as Jane Doe did not have knowledge of the purported condition which is the subject of Plaintiff's claim, as the Complaint alleges that Jane Doe "breached her duty of care . . . because had she exercised reasonable care, she would have known or had notice of the condition that caused Plaintiff's fall." [D.E. 1-1, ¶ 51]. Clearly, even Plaintiff's Complaint acknowledges that Ms. Maky did not even know about the purported condition, much less create the purported condition..

13. Thus, Ms. Maky has no real/practical connection to this matter other than being named in an attempt to defeat diversity and Plaintiff has no legitimate cause of action against her and Plaintiff's Motion to Amend should be denied. See *Pritchard v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 18593 (M.D. Fla. 2009)(no evidence supporting negligence claims against employee; Court finds that there is no evidence to support a claim against employee as actively

negligent, and as such, Court finds that employee Gunderjahn is fraudulently joined); See *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)(when plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court; plaintiff is said to have effectuated a fraudulent joinder); See *Margaret Droessler v. Wyeth-Ayerst Laboratories*, 64 F.Supp.2d 1265 (S.D. Fla. 1999)(defendant's right of removal cannot be defeated by a fraudulent joinder of a resident having no real connection to the controversy); See *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 2001); See *Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1407 (S.D. Fla. 2008)(Court may sever any claim against a party, including parties joined for the purpose of preventing removal to federal court; misjoinder will have the same effect as fraudulent joinder; plaintiff added slander claim against defendant Wilcox for the purpose of defeating federal jurisdiction. The slander claim against Defendant Wilcox is separate from the claims against corporate defendants and is not one for which Plaintiff seeks a joint judgment against the defendants); See *Valerio v. SmithKline Beecham Corp.*, 2008 U.S. Dist. LEXIS 60242 (S.D. Fla. 2008) (denial of motion to remand); See *Masterson v. Apotex Corp.*, 21 Fla. L. Weekly Fed. D 545 (S.D. Fla. 2008) (The plain language of 28 U.S.C.S. § 1441(b) requires the resident defendant to be "properly joined and served" to defeat removal).

14.     Furthermore, Ms. Maky's scope of employment did not involve performing services, training or supervision relative to the air conditioning system or the roof of the subject premises, and Ms. Maky could not control whether the roof or air conditioning system leaked or how or when it was repaired if repairs were ever required. Plaintiff cannot establish a cause of action against Ms. Maky and is seeking to fraudulently join her in this action.

15. A defendant is fraudulently joined when either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into state court." S*tillwell v. Allstate Ins. Co.*, 663 F.3d 1329,1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). With respect to establishing causes of action against employees, "an officer or agent of a business may be held personally liable for a plaintiff's injuries only if he is actively negligent, not simply because of his general administrative responsibility for performance of some function of his employment." *Thomas v. Big Lots Stores, Inc.*, No. 8:11-cv-673-T-33AEP, 2011 WL 3035269, at *2 (M.D. Fla. Jul. 25, 2011); see also *White v. Wal-Mart Stores, Inc.*, 918 So.2d 357, 358 (Fla. 1st DCA 2005) (an officer or agent may not be held personally liable simply because of his general administrative responsibility for performance of some function of his or her employment – he or she must be actively negligent). Here, Plaintiff's Complaint not only alleges that Ms. Maky's responsibilities were general administrative responsibilities of any assistant manager of MICHAELS, but also alleges that MICHAELS potential liability is vicarious based on the purported actions of its employees. Therefore, Plaintiff's Complaint acknowledges that Ms. Maky was not actively negligent or personally at fault. Furthermore, as stated *supra,* Ms. Maky was not responsible for inspecting, maintaining or repairing the air conditioning system or the roof at the subject premises and Plaintiff's own Complaint acknowledges that she did not have knowledge of the purported condition (water which leaked from the air conditioning or roof) which is the subject of Plaintiff's claim. *See Accordino v. Wal-Mart Stores E., LP*, 2005 U.S, Dist. LEXIS 34328 (M.D. Fla. 2005); *Stephens v. PetSmart, Inc.,* 2009 U.S. Dist. LEXIS 107234 (M.D. Fla. 2009) (Denying a motion for permissive joinder where Plaintiff sought to join a store manager who was not present in the store at the time of the alleged incident and employee who was present

but had no prior knowledge of the hazardous condition inside the store, as the joinder would be fraudulent because there was no possibility that a cause of action could be asserted against the manager and employee in their individual capacity).

16. Here, there is no possibility that Plaintiff can establish a cause of action against Ms. Maky for personal fault because she did not have knowledge of the purported water which is the subject of Plaintiff's claim, was not responsible for inspecting, maintaining, or repairing the air conditioning or roof at the subject premises, and was not actively negligent based on the facts alleged in the Complaint.

17. In *Stephens v. Petsmart, Inc.,* No. 8:09-cv-815-T-26TBM, 2009 WL 3674680 (M.D. Fla. Nov. 3, 2009), the court indicated: "In Florida, there is no recognized cause of action for an in absentia claim of negligent failure to maintain the store because Florida law requires that a corporate officer or agent may be personally liable for negligence only if he or she participates in the tortious conduct." The *Stephens* court held that joinder of the store manager was fraudulent even though the store manager was at the store because "he had no knowledge of the dangerous condition and **did not participate in the incident**." *Id*. (**emphasis supplied**). Here, no factual allegations are alleged in the Complaint supporting a claim of active negligence or personal fault on the part of Ms. Maky. That is, while the Complaint alleges Ms. Maky was acting within the course and scope of her employment as an assistant manager of the store, it goes on to simply allege Ms. Maky is liable because of her general employment duties, which are the same claims made against MICHAELS, and fails to allege factual allegations identifying any improper or tortious conduct of Ms. Maky.

18. Consequently, Plaintiff's Motion to Amend should be denied.

WHEREFORE, Defendant, MICHAELS STORES, INC., respectfully requests this Honroable Court enter an Order denying Plaintiff's Motion to Amend for violating Local Rule 7.1(a)(3) and based on the fact that Plaintiff seeks to join Ms. Maky solely to defeat diversity jurisdiction; and any other relief deemed just and necessary.

Respectfully submitted,

s/William A. Potucek
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

William A. Potucek
Fla. Bar No. 100577
Email: wpotucek@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/ William A. Potucek
                                                William A. Potucek

## SERVICE LIST

CASE NO. 9:19-cv-80073-JIC

**Mr. Joseph R. Fields, Jr., Esq.**
Fields Legal, LLC
1818 South Australian Avenue
Suite 250
West Palm Beach, FL 33409
E-Mail: J.Fields@jfieldslegal.com;
S.Ring@jfieldslegal.com
Telephone: (561) 832-5655
*Attorney for Robyn Ann Frontera*

**Melissa A. Schlutow, Esq.**
Law Office of Melissa A. Schlutow
110 E. Broward Boulevard, Suite 1700
Ft. Lauderdale, FL 33301
E-Mail: flservice1@hanover.com; flservice2@hanover.com
Telephone: (954) 315-3840
Facsimile: (508) 926-2600
*Attorney for Park Pavilion*